IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| BARBARA A. ROSENBLOOM, individually, and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) Case Number: ) Division |
| v. | ) ) |
| JET'S AMERICA, INC., | ) **Jury Trial Demanded** ) |
| Serve registered agent at: John Jetts 37501 Mound Road Sterling Heights, Michigan 48310 | ) ) ) ) ) ) |
| Defendant. | ) |

**CLASS ACTION PETITION FOR DAMAGES**

COMES NOW Plaintiff Barbara A. Rosenbloom, individually, and on behalf of all others similarly situated, by her undersigned counsel and for her Class Action Petition for Damages against Defendant Jet's America, Inc., states:

**Parties, Jurisdiction, Venue and Background**

1. Plaintiff Barbara A. Rosenbloom ("Rosenbloom") is an individual who at all times material to this Petition resided St. Louis County, Missouri.

2. Defendant Jet's America, Inc. ("Jet's Pizza") is a Michigan corporation who at all times material to this petition was in good standing and was authorized to transact business in the State of Missouri.

3. Jet's Pizza operates restaurants that sell pizza, sandwiches and other food products at various retail locations in Missouri and other states.

4. Jet's Pizza advertises its products, including deals and specials, online through its website www.jetspizza.com and through other advertising media.

**Exhibit A**

5. There are six Jet's Pizza locations in the State of Missouri, including five locations in the St. Louis metropolitan region and one location in Springfield, Missouri.

6. Jurisdiction is proper in the Circuit Court of St. Louis County, Missouri because this Court is a court of competent jurisdiction to adjudicate the matters stated in this Petition.

7. Venue is proper under RSMo §508.010 in the Circuit Court of St. Louis County, Missouri because the actions complained of first occurred in St. Louis County, Missouri.

**The Transaction**

8. On May 3, 2017, Rosenbloom went to the Jet's Pizza website and ordered the "Jumbo Jet Deal" which was advertised on the website as a "Hot Deal."

9. The Jumbo Jet Deal is advertised on the Jet's Pizza website as costing $20.00 for a "large pizza with premium mozzarella cheese & up to 3 toppings, your choice of Jet's Wings or boneless chicken, plus a 10 pc. Jet's Bread."

10. Rosenbloom selected three toppings for her pizza – mushroom, chicken and meatballs.

11. Rosenbloom paid Jet's Pizza for the Jumbo Jet Deal at a Jet's Pizza location in Creve Coeur, Missouri on May 3, 2017.

12. Jet's Pizza charged Rosenbloom for $22.56, rather than $20.00, for the Jumbo Jet Deal and applied sales tax to the $22.56 amount for a total charge to Rosenbloom of $24.33, which Rosenbloom paid.

13. Jet's Pizza charged Rosenbloom $1.28 for the chicken topping and $1.28 for the meatball topping, for an additional charge of $2.56 and applied sales tax to the additional amount.

14. Jet's Pizza did not disclose on its website that as part of the Jumbo Jet Deal it would charge Rosenbloom more than $20.00 if Rosenbloom selected certain additional toppings.

### Jet's Pizza Specials

15.     Jet's Pizza advertises numerous specials and deals on its food products online and through other advertising media.

16.     Many of the Jet's Pizza deals include offers that allow its customers to select up to a specific number of toppings on a pizza or pizzas as part of the deal.

17.     Jet's Pizza does not disclose on its website or in other advertising that there will be an additional charge, in addition to the advertised price, for certain toppings as part of a deal, including additional charges for chicken or meatball toppings.

18.     Jet's Pizza charges its Missouri customers who purchase a pizza deal an additional charge for certain toppings, including, but not limited to, chicken and meatball, for its specials and deals, although Jet's Pizza does not disclose to its customers that an additional charge, over and above the advertised price, will be incurred for said toppings.

### Count I – Violation of the Missouri Merchandising Practices Act

19.     Rosenbloom incorporates the allegations of the previous paragraphs as if fully stated in this count.

20.     Rosenbloom seeks to represent a class of persons defined as follows:

All persons who purchased a pizza deal or special from a Jet's Pizza location in the State of Missouri from May 25, 2012 until the date of class certification who were charged more than the advertised price for deals or specials after selecting certain toppings, which deals or specials included a specific number of toppings for a single advertised price.

21.     The pizza is "merchandise" as defined by §407.010, RSMo 2016 because the pizza sold to Rosenbloom and the putative class members is a good.

22.     Jet's Pizza's actions of charging additional amounts for certain pizza toppings is a deceptive practice because Jet's Pizza never disclosed to Rosenbloom and members of the putative

3

class that there would be an additional charge beyond the advertised price for certain toppings, all in violation of §407.020 *et seq.*, RSMo 2016 and the regulations governing the Missouri Merchandising Practices Act.

23. Jet's Pizza advertising of pizza specials or deals with a specific number of toppings for a fixed price is a misrepresentation, false promise, deceptive practice, and unfair practice because Jet's Pizza did not disclose to Rosenbloom and members of the putative class that there would be an additional charge beyond the advertised price for certain toppings, all in violation of §407.020 *et seq.*, RSMo 2016 and the regulations governing the Missouri Merchandising Practices Act.

24. Jet's Pizza's actions of concealing the extra charges for certain toppings for its pizza deals or specials violates §407.020 *et seq.*, RSMo 2016 and the regulations governing the Missouri Merchandising Practices Act.

25. Rosenbloom and the putative class members have suffered an ascertainable loss of money because they have paid more for Jet's Pizza's merchandise than what was represented by Jet's Pizza in advertisements.

26. Rosenbloom and the putative class members are entitled to recovery of actual damages and attorney's fees pursuant to §407.025.1, RSMo 2016.

27. Jet's Pizza's conduct described herein was willful, wanton, and malicious and displayed a conscious disregard for the rights of Rosenbloom and the putative class members, entitling them to an award of punitive damages pursuant to §407.025.1, RSMo 2016.

28. On information and belief, there are hundreds or thousands of persons in the proposed class, and the class is so geographically diverse that joinder of all members is impracticable.

29. Rosenbloom's claims are typical of the class she seeks to represent. Rosenbloom and the putative class members were charged additional fees for certain toppings and said fees were not disclosed to them. Rosenbloom's claims and the claims of the putative class members are based on the same legal theories and arise from the same unlawful conduct thereby resulting in the same injury to Rosenbloom and the putative class members.

30. There are questions of law and fact common to the class. Common questions include, but are not limited to:

a. Whether Jet's Pizza charged Rosenbloom and the putative class members additional amounts above the advertised price for certain toppings as part of its pizza deals or specials;

b. Whether Jet's Pizza's conduct violates the Missouri Merchandising Practices Act § 407.010 *et seq.*, RSMo 2016 and its corresponding regulations;

c. Whether Rosenbloom and the putative class members are entitled to actual damages and attorney's fees under § 407.025.1, RSMo 2016;

d. Whether Rosenbloom and the members of the proposed class are entitled to punitive damages under § 407.025.1, RSMo 2016 based on Jet's Pizza's willful, wanton and malicious misconduct.

31. Rosenbloom will fairly and adequately represent the putative class members. Rosenbloom has retained counsel experienced in the prosecution of class actions. Rosenbloom is committed to vigorously prosecuting the claims presented in this petition. Neither Rosenbloom nor Rosenbloom's counsel have any interests adverse or in conflict with the absent class members.

32. The questions of law and fact common to the putative class members predominate over any questions of fact affecting any individual member of the putative class.

Electronically Filed - St Louis County - May 25, 2017 - 05:01 PM

33. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for class members to seek redress individually.

**Demand for Judgment**

WHEREFORE Plaintiff Barbara A. Rosenbloom, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against Jet's America, Inc., pursuant to Missouri Rule of Civil Procedure 52.08, certifying this action as a class action and appointing Plaintiff Barbara A. Rosenbloom as representative of the class;

b. Enter an order appointing Butsch Roberts & Associates LLC as counsel for the class;

c. Enter judgment in favor of Rosenbloom and the class for actual damages and attorney's fees pursuant to the Missouri Merchandising Practices Act;

d. Enter judgment in favor of Rosenbloom and the class for punitive damages;

e. Enter judgment in favor of Rosenbloom and the class for prejudgment and post-judgment interest;

f. Award Rosenbloom and the class all expenses of this action, and requiring defendant to pay the costs and expenses of class notice and claims administration; and,

g. Award Rosenbloom and the class such further and other relief the Court deems just and appropriate.

**Jury Trial Demanded**

**BUTSCH ROBERTS & ASSOCIATES LLC**

By: /s/Christopher E. Roberts
David T. Butsch #37539
Christopher E. Roberts #61895
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
(314) 863-5700 (telephone)
(314) 863-5711 (fax)
butsch@butschroberts.com
roberts@butschroberts.com

Attorneys for Barbara A. Rosenbloom

17SL-CC01896

Electronically Filed - St Louis County - May 25, 2017 - 05:01 PM

In the
# CIRCUIT COURT
Of St. Louis County, Missouri

  Barbara Rosenbloom
Plaintiff/Petitioner

vs.

  Jet's America, Inc
Defendant/Respondent

  May 25, 2017
Date

_____
Case Number

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Christopher E. Roberts                                                   , pursuant
                          Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
 David Kreucher   36150 Dequindre, Ste. 600, Sterling Heights, MI 48310  248-739-9990
Name of Process Server              Address                                                               Telephone

_____
Name of Process Server              Address or in the Alternative                              Telephone

_____
Name of Process Server              Address or in the Alternative                              Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
  John Jetts
Name
  37501 Mound Road
Address
  Sterling Heights, MI 48310
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By _____
      Deputy Clerk

_____
Date

 s/ Christopher E. Roberts
Signature of Attorney/Plaintiff/Petitioner
 61895
Bar No.
 231 South Bemiston Ave., Ste. 260, Clayton Mo 63105
Address
 (314) 863-5700              (314) 863-5711
Phone No.                                                Fax No.

CCADM62-WS    Rev. 08/16

Local Rule 28.  SPECIAL PROCESS SERVERS

(1) Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS     Rev. 08/16



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOHN D WARNER JR | Case Number: 17SL-CC01896 |
|---|---|
| Plaintiff/Petitioner:<br>BARBRARA A. ROSENBLOOM | Plaintiff's/Petitioner's Attorney/Address:<br>CHRISTOPHER ELISHA ROBERTS<br>SUITE 200<br>231 SOUTH BEMISTON AVE.<br>CLAYTON, MO 63105 |
| vs. | |
| Defendant/Respondent:<br>JET'S AMERICA, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to:** JET'S AMERICA, INC.
**Alias:**

**R/A JOHN JETTS**
**37501 MOUND ROAD**
**STERLING HEIGHTS, MO 48310**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

*ST. LOUIS COUNTY*

**30-MAY-2017**
**Date**                                                                                  _____
**Further Information:**                                                                                           **Clerk**
**JB**

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server         Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                   ☐ the judge of the court of which affiant is an officer.
*(Seal)*           ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                   ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

**Service Fees, if applicable**
Summons    $_____
Non Est    $_____
Mileage    $_____ (_____ miles @ $_____ per mile)
**Total**  $_____

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (7-04) SM60 *For Court Use Only*: **Document ID# 17-SMOS-490**    1    **(17SL-CC01896)**    Rules 54.06, 54.07, 54.14, 54.20;
                                                                                                    506.500, 506.510 RSMo

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-04) SM60 *For Court Use Only*: **Document ID# 17-SMOS-490**      3      (17SL-CC01896)      Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

**Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

OSCA (7-04) SM60 *For Court Use Only*: **Document ID#  17-SMOS-490**      4       **(17SL-CC01896)**               Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| BARBARA A. ROSENBLOOM, )<br>Individually, and on behalf of all others )<br>Similarly situated, )<br>  )<br>Plaintiff, )<br>  )<br>v. )<br>  )<br>JET'S PIZZA, )<br>  )<br>Defendant. ) | Cause No. 17SL-CC01896<br><br>Div. 15 |

## ENTRY OF APPEARANCE

Come now David T. Butsch of Butsch Roberts & Associates LLC and hereby enters his appearance on behalf of Plaintiff Barbara A. Rosenbloom.

**BUTSCH ROBERTS & ASSOCIATES LLC**

By: /s/ David T. Butsch
David T. Butsch #37539
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
(314) 863-5700 (telephone)
(314) 863-5711 (fax)
Butsch@ButschRoberts.com
Roberts@ButschRoberts.com

Attorneys for Plaintiff

**Certificate of Service**

I hereby certify that on May 31, 2017, a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the all counsel of record.

    /s/ David T. Butsch



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division: JOHN D WARNER JR | Case Number: 17SL-CC01896 |
| Plaintiff/Petitioner: BARBRARA A. ROSENBLOOM vs. | Plaintiff's/Petitioner's Attorney/Address: CHRISTOPHER ELISHA ROBERTS SUITE 200 231 SOUTH BEMISTON AVE. CLAYTON, MO 63105 |
| Defendant/Respondent: JET'S AMERICA, INC. | Court Address: ST LOUIS COUNTY COURT BUILDING 105 SOUTH CENTRAL AVENUE CLAYTON, MO 63105 |
| Nature of Suit: CC Other Tort | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: JET'S AMERICA, INC.
Alias:
R/A JOHN JETTS
37501 MOUND ROAD
STERLING HEIGHTS, MO 48310

**COURT SEAL OF ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

30-MAY-2017
Date
_____ Clerk
Further Information:
JB

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is **PROCESS SERVER** of **OAKLAND** County, **MICHIGAN** (state).
3. I have served the above summons by: (check one)
   - [x] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   - [ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - [ ] other (describe)

Served at **JETS OF AMERICA 37501 MOUND ROAD STERLING HGT** (address) **MI** in **MACOMB** County, **MICHIGAN** (state), on **WED. 6-7-17** (date) at **1:20 P.M.** (time).

**DAVID KREUCHER**
Printed Name of Sheriff or Server         Signature of Sheriff or Server

Subscribed and Sworn To me before this ____ (day) ____ (month) ____ (year)
I am: (check one)
- [ ] the clerk of the court of which affiant is an officer.
- [ ] the judge of the court of which affiant is an officer.
- [x] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- [ ] authorized to administer oaths. (use for court-appointed server)

(Seal)

JOAN LYNN NICHOLS
NOTARY PUBLIC, STATE OF MI
COUNTY OF OAKLAND
MY COMMISSION EXPIRES Jul 30, 2020
ACTING IN COUNTY OF ST. LOUIS, M

Signature and Title

Service Fees, if applicable
Summons    $ _____
Non Est    $ _____
Mileage    $ _____ ( _____ miles @ $ _____ per mile)
Total      $ _____

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (7-04) SM60 For Court Use Only: Document ID# 17-SMOS-490    1    (17SL-CC01896)    Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo